Gabrielli, J.
(dissenting in part). I concur in the opinion of Chief Judge Breitel and, therefore, cast my vote for affirmance. Nevertheless, since the majority reach issues of importance concerning the severability of search warrants and standing to object to searches and seizures, I feel obliged to state my agreement with so much of the majority opinion as *25 holds search warrants severable and to detail the grounds for my disagreement with its adoption of what should be considered as the now obsolete "automatic standing” rule.
The rule had its genesis in the case of Jones v United States (362 US 257). Jones was in the vacant apartment of a friend when Federal officers, armed with a search warrant, entered, found and seized narcotics and narcotics paraphernalia. He moved to suppress the evidence on the ground that the search was unlawful. The Government objected asserting, inter alia, that Jones lacked standing because he had no proprietary interest in the premises and, because he denied that the contraband belonged to him, he could have no interest therein to render him a victim of the seizure.
Speaking for a unanimous court, Mr. Justice Frankfurter explained that while it was entirely proper to require a defendant seeking to suppress relevant evidence to establish that he was a victim of an invasion of privacy, the prosecution therein created a "special problem”. First, to gain standing to object to the search, Jones was being coerced into self incrimination by having to claim to have owned the property seized or to have a substantial interest in the premises searched when, as the law then stood, such an admission could be used against him at trial. Second, the Government was indulging in "squarely contradictory assertions” by subjecting a "defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation” (pp 263-264). Finding the dilemma so posed (p 263) "not inescapable”, Justice Frankfurter held that anyone charged with a crime involving possession automatically had standing to challenge the legality of the search and seizure. As an alternative ground for decision, not here relevant, he held that Jones had standing because anyone legitimately on premises where a search occurs has a right of privacy which he would be able to vindicate (pp 265-267).
Nine years later, the first half of the "special problem” was resolved in another manner. Concluding that it was intolerable that a defendant should have to surrender one constitutional right to assert another, it was held in Simmons v United States (390 US 377, 394) that whenever any "defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.”
*26 The effect of Simmons upon the "automatic” standing rule was recently recognized by Chief Justice Burger in writing for an unanimous court in Brown v United States (411 US 223) that "[t]he self-incrimination dilemma, so central to the Jones decision, can no longer occur under the prevailing interpretation of the Constitution” (p 228). He recoiled from going further, however, and instead distinguished Jones on its facts. He reasoned that the essential ingredients in Jones were that Jones had possession, and was charged with having possession, of the seized evidence at the time of the contested search. In contrast, the Brown defendants had sold the property seized two months prior to the challenged search and, further, the "conspiracy and transportation 'alleged by the indictment were carefully limited to the period before the day of the search” (p 229). Thus, he concluded that since "[t]he vice of allowing the Government to allege possession as part of the crime charged, and yet deny that there was possession sufficient for standing purposes, is not present” (p 229), there was no reason to afford the defendants "automatic” standing.
Since the petitioners here are charged with contemporaneous possession of the fruits of the search and seizure they seek to challenge, we must decide the issue put off for another day in Brown. The issue, therefore, is whether every defendant charged with contemporaneous criminal possession of contraband, as the result of an allegedly improper search and seizure should automatically be entitled to standing simply because the prosecution may be taking an apparently contradictory position.
I, for one, would not adopt the blanket standing rule. The seemingly paradoxical, self-contradictory position of the prose1 cution is in fact explainable and entirely reasonable. As one article recently commented, "[b]y employing the term 'possession’ * * * to define both what the law bans as criminal and the scope of the fourth amendment’s protection [courts have fallen] prey to the 'tendency to assume that a word which appears in two or more legal rules, and so in connection with more than one purpose, has and should have precisely the same scope in all of them’.” (Citation omitted.) (Trager and Lobenfeld, The Law of Standing Under the Fourth Amendment, 41 Brooklyn L Rev 421, 437.) Or, put another way, the error results from describing the bounds of an individual’s constitutional rights by the nature of the offense with which he is charged.
*27 Properly viewed, this concept of "possession” is defined in terms of expectation of privacy whereas the penal law concept of "possession” is defined in terms of actual or constructive control over goods or contraband. To be sure, standing in search and seizure cases "depends not upon a property right in the invaded place but upon whether the area was one in which there was a reasonable expectation of freedom from governmental intrusion” (Mancusi v De Forte, 392 US 364, 368 [where it was held that a union official had a reasonable expectation of privacy in his office and thus had standing to object to the seizure of records found there]; see, also, Katz v United States, 389 US 347; United States v White, 401 US 745; Alderman v United States, 394 US 165). Hence, "possession” in the constitutional sense is defined without regard to the lawful or lawless possession of the items sought to be suppressed (see Trager, op. cit, pp 436-437) but rather is defined by one’s "reasonable expectation of privacy”.
In contradistinction, penal statutes are not concerned with the physical location of seized contraband. Instead they concentrate upon the actor focusing special attention upon whether actual or constructive control was exercised by him over the goods sought to be suppressed. For example, a pusher who has stored his wares in a friend’s residence has no reasonable expectation of privacy when the police intrude upon his friend and seize the contraband. At the same time, however, the penal law interest in the pusher’s "possession” is plainly evident. Thus, it is not necessarily inconsistent for the government to assert on the one hand that a defendant is guilty of criminal possession and to claim on the other that he had insufficient possession to warrant granting him standing. Therefore, I would reject the "automatic” standing rule and adopt a case-by-case approach following the reasonable expectation of privacy guideline.
Applying that principle here, I would hold that Hansen lacks standing because he had no reasonable expectation of privacy in the search he seeks to challenge. He was neither in the van nor has he alleged that he had actual or constructive possession of it. Moreover, he did not assert a possessory interest in the contraband. Therefore, there would be no inconsistency in the State’s position.
It should be emphasized that defendant was not without recourse. He could have, under Simmons and without fear of self incrimination, asserted a possessory interest in the drugs *28 at the suppression hearing and thus gained standing. This, obviously, he chose not to do. Therefore, I find defendant totally unaggrieved.
The order should be affirmed.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Jones; Chief Judge Breitel dissents in part and votes to affirm in an opinion in which Judge Jasen concurs, and in which Judge Gabrielli concurs in a separate opinion.
Order modified in accordance with the opinion herein and, as so modified, affirmed.